# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ARMBRUSTER and DIANE ARMBRUSTER, Plaintiffs v. LAURENCE A. HECKER, ESQ.; ADAM JONES and VCOLLECT GLOBAL, INC., Defendants | : : : : : : : : : : | No. 3:06cv1149 (Judge Munley) |

## MEMORANDUM

Before the court for disposition is the defendants' motion for partial summary judgment (Doc. 49). The matter has been briefed and is ripe for disposition.

## BACKGROUND

This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, stemming from calls made by the defendants in January and February of 2006. The plaintiffs allege Plaintiff Charles Armbruster defaulted on a debt and that, on January 10, 2006, the defendants began collecting upon that debt. (Am. Compl. at ¶¶ 10 to 12 (Doc. 19)). On that date, Charles Armbruster received a call from Defendant Adam Jones ("Jones") and told Jones that it was only convenient to receive calls on Thursdays between 4:00 p.m. and 5:00 p.m. (Id. at ¶ 15). Subsequent to that call, the Armbrusters received calls from the defendants on January 26, 2006 at 7:27 p.m., February 3, 2006 at 9:40 a.m., and February 9, 2006 at 5:30 p.m. (Id. at ¶¶ 17, 20, 23).

On February 16, 2006, the plaintiffs, Charles and Diane Armbruster, filed a complaint in the Pennsylvania Magesterial District Court for Lackawanna County alleging violations of the FDCPA. (Civil Complaint (Doc. 1 at 6)). Magesterial District Judge James P. Kennedy entered a judgment in favor of the plaintiffs in the amount of $1,093.00 on April 12,

2006. (Notice of Judgment (Doc. 1 at 8)). The plaintiffs appealed that award to the Lackawanna County Court of Common Pleas. (Notice of Appeal (Doc. 1 at 9)). The defendants removed the action to this court on June 7, 2006. (Notice of Removal (Doc. 1 at 2)).

The plaintiffs filed an amended complaint, adding Defendant VCollect Global, Inc., on November 22, 2006. (Am. Compl. (Doc. 19)). The amended complaint alleges violations of the FDCPA (Count I) and asserts a state tort claim for intrusion upon seclusion (Count II). (Id.) The defendants filed an amended answer to the amended complaint on February 5, 2007. (Doc. 31). On March 30, 2007, the proceedings were stayed. (Doc. 40). On July 15, 2009, the stay was lifted. (Doc. 42). On October 7, 2009, this case was consolidated with a bankruptcy court adversarial proceeding that had been removed to this court, Armbruster v. Hecker, et al., No. 3:09cv1894 (M.D. Pa. filed October 1, 2009). (Doc. 47). On December 7, 2009, the defendants filed a motion for partial summary judgment (Doc. 49), bringing the case to its present posture.

**JURISDICTION**

Because this case arises under the FDCPA, 15 U.S.C. § 1692 *et seq.*, it presents a federal question under 28 U.S.C. § 1331 and gives the court removal jurisdiction pursuant to 28 U.S.C. §1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties."). We have supplemental jurisdiction over the plaintiffs' state-law claim pursuant to 28 U.S.C. § 1367.

**LEGAL STANDARD**

The granting of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**DISCUSSION**[1]

---

[1] The plaintiffs have withdrawn their tort claim for intrusion upon seclusion (see Pl. Br. Opp. (Doc. 55)), admitting that the three calls

3

The defendants seek summary judgment on the plaintiffs' claim under the FDCPA. The FDCPA permits a successful plaintiff to recover (1) actual damages caused by the defendant's violations including such things as out-of-pocket expenses, emotional trauma, and economic losses; (2) additional damages up to $1,000; and (3) court costs and attorneys' fees. 15 U.S.C.A. §1692k(a)(1) - (3).[2]

The defendants note that on June 12, 2006, they presented the plaintiffs with an offer of judgment of $1,000.00, with an additional amount for the plaintiffs' costs and attorneys' fees accrued through that date, pursuant to Federal Rule of Civil Procedure 68. (Mot. for Partial Summary Judgment at ¶ 9 (Doc. 49)). The defendants argue that the plaintiffs suffered no actual damages under 15 U.S.C. § 1692k(a)(1) and that the offer represents the maximum statutory damages under section 1692k(a)(2)(A), thereby mooting the plaintiffs' claim.

**A. Actual Damages**

Plaintiffs seek actual damages for emotional distress based on Diane Armbruster's "anxiety, nervousness, worry, and fear." (Aff. of Diane Armbruster (Doc. 54)). The FDCPA permits plaintiffs to recover for emotional trauma actually caused by defendant's violation of the Act, 15 U.S.C. § 1692k(a)(1). See, e.g., Wright v. Litton Loan Servicing LP, No.

---

underlying their FDCPA claim would not be highly offensive to a reasonable person. Harris by Harris v. Easton Pub. Co., 483 A.2d 1377, 1383-84 (Pa. Super. Ct. 1984) (citing RESTATEMENT (SECOND) OF TORTS §652B (1977)). That claim will be dismissed in the order that follows this memorandum. Accordingly, the defendants' motion for summary judgment on Count II will be denied, as moot.

[2] Punitive damages are not available under the FDCPA. See Whiteman v. Burton Neil & Assocs., P.C., No. 3:07cv2289, 2008 WL 4372842, at *3 (M.D. Pa. Sept. 19, 2008).

4

05-02611, 2006 WL 891030, at *4 (E.D. Pa. April 4, 2006); Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 188 (D. Del. 1991) (holding that "when a violation of the FDCPA has been established, actual damages for emotional distress can be proved independently of state law requirements. Congress did not limit the recovery of actual damages for emotional distress under the FDCPA . . . to those damages a plaintiff could have recovered under state law in a separate tort action for intentional or negligent infliction of emotional distress."). Because a reasonable jury could find that the defendants' conduct caused Plaintiff Diane Armbruster emotional disturbance, we cannot say that the plaintiffs' claim is mooted by the defendants' offer. Defendants' motion for partial summary judgment will be denied as to the plaintiffs' claim for actual damages under the FDCPA.

**B. Additional Damages**

The plaintiffs seek statutory additional damages for the defendants' alleged violations of the FDCPA. The FDCPA limits additional damages to $1,000 per successful proceeding. See 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this title . . . is liable to such person in an amount equal to the sum of . . . in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]"). The two plaintiffs argue that they each filed claims under the FDCPA, which have been consolidated, and that they are each entitled to $1,000.00 in additional damages. The defendants argue that section 1692k(a) precludes recovery of $1,000.00 per plaintiff. We do not read that section to preclude a additional damages award of $1,000.00 per plaintiff. See e.g. Howze v. Romano, No. 92cv644, 1994 WL 827162, at *4 (D. Del. 1994); Dowling v. Kucker Kraus & Bruh, LLP, No. 99cv11958, 2005 WL 1337442, at *4 (S.D.N.Y. 2005). Because a reasonable jury

5

could find that the defendants are liable to each plaintiff, the defendants' motion for partial summary judgment will be denied as to the plaintiffs' claim for additional damages under the FDCPA.

**CONCLUSION**

For the reasons stated above, the defendants' motion for partial summary judgment will be denied as moot with respect to the plaintiffs' claim for intrusion upon seclusion and denied with respect to the plaintiffs' claims under the FDCPA. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| CHARLES ARMBRUSTER and DIANE ARMBRUSTER, | : | No. 3:06cv1149 |
| --- | --- | --- |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| LAURENCE A. HECKER, ESQ.; ADAM JONES and VCOLLECT GLOBAL, INC., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 22nd day of April 2010, upon consideration of the defendants' motion for partial summary judgment (Doc. 49) it is HEREBY **ORDERED** that the motion is **DENIED**. The plaintiffs' claim for intrusion upon seclusion (Count II), having been withdrawn by the plaintiffs, is HEREBY **DISMISSED**.

**BY THE COURT:**

s/ James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**